## HERMINIO DIAZ NAVARRO ET AL.

### *v.*

## REGIS H. POST, GOVERNOR OF PORTO RICO, ET AL.

---

San Juan, Equity, No. 655.

1. It is alleged in a bill in equity that the governor, treasurer, and auditor of Porto Rico are misconstruing the law, and wrongfully paying out the money of the island under the act of Congress of July 15, 1909, known as the "Olmsted law," and the prayer is for an injunction to prevent them from so doing. The cause was removed to this court by the respondents, and, on a motion to remand on the ground that the matter in dispute involves no money value, or no value which, exclusive of interest and costs, exceeds the sum or value of $1,000. Held: That, on the contrary, the entire annual budget of the island is in controversy, and the court will take judicial notice of the fact that this is a sum amounting to several millions of dollars.

2. It is probably true, under § 3 of the act of Congress of March 2d, 1901 (31 Stat. at L. 953, chap. 812), increasing the jurisdiction of the district court of the United States for Porto Rico, especially in the

light of the language of Mr. Justice White in Garrozi v. Dastas, 204 U. S. 73, 51 L. ed. 376, 27 Sup. Ct. Rep. 224, that the fact that a law of the United States is being construed will in, and of, itself be sufficient, irrespective of the amount involved, to confer jurisdiction upon this court, and entitle at least the defendant or the respondent to remove the case here if the same is originally brought in an insular court.

Opinion filed August 17, 1909.

---

*Messrs. Cayetano Coll y Cuchi, pro se,* and *Miguel Guerra y Mondragon* for complainants.

*Hon. H. M. Hoyt,* Attorney General, and *Mr. W. N. Landers,* Assistant Attorney General of Porto Rico, for respondents.

RODEY, Judge, delivered the following opinion:

The cause was originally brought in an insular court and recently removed to this court. After the translation of the pleadings, the complainants immediately moved to remand the cause for lack of jurisdiction in this court to entertain the same. This issue was argued by C. Coll y Cuchi for the complainants, and Henry M. Hoyt, Attorney General of the island, for the respondents.

It is a suit which, in this court, must of necessity go to the equity docket, as it is an application for an injunction. The suit is brought, as appears from the translation of the complaint, by Herminio Diaz Navarro and Cayetano Coll y Cuchi, both citizens and residents of Porto Rico, against Regis H. Post as governor, Samuel D. Gromer as treasurer, and Geo. C. Ward

as auditor of Porto Rico. It appears from the petition for removal that these three officials are citizens of the United States and residents of Porto Rico. The bill, for that it must now be called, seeks to restrain these officials from paying the salaries and running expenses of the government of Porto Rico under the recent act of Congress known as the Olmsted bill. The bill alleges, and it is common knowledge in the island at the present time, that the recent legislative assembly of Porto Rico adjourned without passing any appropriation bill to carry on the government for the ensuing fiscal year. Congress then took hold of the matter and on July 15, 1909, passed a law amending the organic act of the island as follows: "And provided further, that if at the termination of any session (of the legislative assembly), the appropriations necessary for the support of government shall not have been made, an amount equal to the sums appropriated in the last appropriation bills for such purpose shall be deemed to be appropriated; and until the legislature shall act in such behalf the treasurer may, with the advice of the governor, make the payments necessary for the purposes aforesaid.

The bill of complaint alleges that after that act went into force in Porto Rico, the executive council, claiming the right solely and of itself under the terms of the organic act, and without assistance from the house of delegates to do so, held a session, and fixed the salaries of all officials of Porto Rico not appointed by the President, including deputies, assistants, and other help, for the ensuing fiscal year; and that, in addition, the bill alleges, that the governor is now proceeding in and of himself to set sums of money aside, estimated by himself, and himself alone, just as he thinks advisable, for all other general

Navarro v. Post.

expenses of the government of Porto Rico; and has appropriated and approved the payment of divers sums, and that, by virtue of such appropriation and approval, the said auditor and treasurer purpose to issue warrants and make payment thereof respectively.

Allegation 10 of the complaint sets out that "by the inversion (whatever that means) of the revenues of the taxpayers of the people of Porto Rico in a manner so clearly illegal, the said taxpayers, and therefore your petitioners, are caused incalculable and irremediable damage for which they have no ordinary remedy at law," etc. And then follows the prayer for an injunction to prevent the respondents from ordering, approving, issuing, or making any payment whatsoever, whether of salaries, expenses, or of any other nature, chargeable to the treasury of Porto Rico, etc.

The ground urged the strongest during the oral argument this morning, against the jurisdiction of this court and in favor of the motion to remand, was that of necessity there is no money value to the controversy, and that it involves nothing, "wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $1,000," which is the minimum sum to confer jurisdiction on this court, under § 3 of the act of Congress of March 2, 1901 [31 Stat. at L. 953, chap. 812]. It appears to be conceded that the officials it is sought to restrain are acting, or pretending to act, under a law of Congress, and it affirmatively appears from the record that the complainants are Porto Ricans, and all of the respondents are citizens of the United States.

In the hasty examination we have made of the subject, we are not clear but that in Porto Rico, especially under the act

of March 2, 1901, supra, amending the jurisdiction of this
court, in the light of what Mr. Justice White stated in the case
of Garrozi v. Dastas, 204 U. S. 73, 51 L. ed. 376, 27 Sup. Ct.
Rep. 224, the fact that a law of the United States is being con-
strued may not in, and of itself, be sufficient, irrespective of the
amount involved, to confer jurisdiction on this court.   His
language was:  "In consequence of the enlarged character of
the jurisdiction conferred by that act, and the obvious departure
which it manifests from the principles controlling the jurisdic-
tion of a United States court as contradistinguished from a state
court, we do not think the rule which demarks the line between
the courts of the United States and state courts within the
removal act should be held applicable to Porto Rico to the extent
which might have obtained had the act of 1901 not been en-
acted."

We have been cited to a number of cases, such as El Paso
Water Co. v. El Paso, 152 U. S. 157, 38 L. ed. 396, 14 Sup. Ct.
Rep. 494; and Colvin v. Jacksonville, 158 U. S. 456, 39 L. ed.
1053, 15 Sup. Ct. Rep. 866, which it is claimed show that it
is the personal interest of complainants in a case like this that
fixes the amount of the jurisdiction.   Our hasty examination
of those cases forces us to disagree with the effort to apply
them here.   We find that, in a suit by a stockholder for the
appointment of a receiver of a corporation, the amount in con-
troversy is the value of the entire corporate assets.   Towle v.
American Bldg. Loan & Invest. Soc. 60 Fed. 131.   And that on
a bill in equity to abate a public nuisance, such as a bridge
over a navigable river, the matter in controversy is the removal
of the obstruction, and the value of the object to be removed
is the amount involved, and not the special damage to himself,
which the complainant may show.   Mississippi & M. R. Co. v.

Ward, 2 Black, 485, 17 L. ed. 311; Black's Dillon, Removal of Causes, § 51. We think that in the case at bar the amount of money involved, according to the complaint, is the entire appropriations of Porto Rico for the fiscal year 1909–10, which the court will take judicial notice is several millions of dollars, and besides this, the petition for removal alleges that the amount in controversy is more than $2,000.

We therefore hold that the motion to remand should be denied, and it is so ordered.