ORLEANS-KENNER ELECTRIC RY. CO. v. DUNBAR.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1914. Rehearing Denied January 11, 1915.)

No. 2664.

1. APPEAL AND ERROR (§ 323*)—NECESSARY PARTIES APPELLANT—PARTIES HAVING SEPARATE INTERESTS.

Where the respective interests of several defendants, which are affected by a judgment or decree against all of them, are separate and different, one may appeal without joining the others.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1796, 1798–1805; Dec. Dig. § 323.*]

2. COURTS (§ 329*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

A federal court is without jurisdiction of a suit brought by a property owner, in behalf of himself and all other property owners who might join, to enjoin an electric railroad company from exercising the privilege of crossing certain streets and highways, granted by the municipal authorities, where no others joined as complainants, and it is not alleged or shown that the injury to complainant's property rights from the exercise of the privilege granted would exceed $3,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*

Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennet-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by Charles T. Dunbar against the Orleans-Kenner Electric Railway Company and the Police Jury of the Parish of Jef-

ferson, La. Decree for complainant, and defendant Railway Company appeals. Reversed.

Peter Stifft, T. M. Miller, and J. D. Miller, all of New Orleans, La., for appellant.

Frank William Hart and H. Generes Dufour, both of New Orleans, La. (Gustaf R. Westfeldt, Jr., of New Orleans, La., on the brief), for appellee.

Before PARDEE and WALKER, Circuit Judges, and SHEPPARD, District Judge.

WALKER, Circuit Judge. The parties named as defendants to the bill in this case were the Orleans-Kenner Electric Railway Company, a private corporation, and the police jury of the parish of Jefferson, state of Louisiana, a municipal corporation, and the purpose of the bill was to enjoin the exercise of the privilege or right which a resolution adopted by the last-named defendant undertook to confer upon the first-named defendant. On its face, the resolution in question purported to do no more than grant to the railway company permission to cross several enumerated public streets and highways in said parish in the construction of an electric road which the railway company proposed to build over its own private right of way. From a decree granting the relief prayed for the railway company appealed.

[1] A motion has been made to dismiss the appeal because of the failure of the other defendant to join in it and the absence of any summons or notice to it of the taking of the appeal. We are not of opinion that the motion is well taken. The interest of the railway company which was affected by the decree rendered was so separate and distinct from that of the other defendant that the former is entitled to maintain an appeal in which the latter does not join. Obviously, the pecuniary or proprietary interest acquired or claimed by the grantee of such a privilege is very different from that of the public governmental body which undertook to confer the privilege. Whatever concern or interest that body may be regarded as having in the maintenance of the power or jurisdiction which it has undertaken to exercise by the action complained of by the bill, that interest is not one which it has jointly or in common with the party in whose behalf the claimed power or jurisdiction was exercised. The beneficial proprietary interest which the latter has in the privilege which it claims to have acquired entitles it to maintain an appeal from a judgment or decree adversely affecting its interest, though the official body which undertook to confer the privilege, and which also was a party defendant to the cause, does not join in the appeal. Where the respective interests of several defendants which are affected by a judgment or decree against all of them are separate and different, one of them may appeal without joining the others. Winters v. United States, 207 U. S. 564, 28 Sup. Ct. 207, 52 L. Ed. 340; 2 Cyc. 758.

[2] The jurisdiction of the court to entertain the bill was dependent upon a diversity of citizenship between the plaintiff and the defend-

ants, and upon the matter in controversy exceeding, exclusive of interest and costs, the sum or value of $3,000. U. S. Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1913, § 991). The bill alleges diversity of citizenship. Its only allegations as to the interest of the plaintiff which was sought to be protected, or as to the value of anything which was made the subject of controversy in the suit, were the following:

"Your orator is the owner of certain real estate situated in the parish of Jefferson in the state of Louisiana of a value in excess of twenty thousand dollars ($20,000), and is a property taxpayer in said parish of Jefferson, and the right to the use and enjoyment of his said property under the Constitution and laws of the United States and the Constitution and laws of the state of Louisiana largely exceeds the sum of three thousand dollars ($3,000). * * * Your orator further avers that the rights, privileges, and franchises which the police jury of the parish of Jefferson have sought to confer upon Orleans-Kenner Electric Railway Company, as aforesaid, largely exceed in value the sum of three thousand dollars ($3,000), exclusive of interest and costs, and that by reason of the pretended grant aforesaid, the parish of Jefferson, its citizens and taxpayers, will be deprived of a sum largely in excess of three thousand dollars ($3,000), exclusive of interest and costs, as a result of said grants and rights being conferred without consideration, instead of same being offered for sale at public auction as required by law."

The plaintiff sued in behalf of himself and of all other persons or corporations in interest who might join in the suit. No one else joined him in the suit. The result was that the original plaintiff was the only party before the court to be benefited by the decree which was rendered. Bruce v. Manchester & Keene Railroad, 117 U. S. 514, 6 Sup. Ct. 849, 29 L. Ed. 990. The suit remained the sole purpose of which was to protect the original plaintiff's individual interests, and to prevent damage to him as a result of the granting of the privilege complained of. In such case the suit cannot be maintained, unless it is made to appear that the exercise of the privilege claimed to have been wrongfully conferred, and which is sought to be enjoined, would result in damages to the plaintiff to an amount in excess of $3,000. The matter involved was the injury to the plaintiff's property interest. El Paso Water Company v. El Paso, 152 U. S. 157, 14 Sup. Ct. 494, 38 L. Ed. 396; Colvin v. Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, 39 L. Ed. 1053; Bitterman v. Louisville & Nashville R. Co., 207 U. S. 205, 28 Sup. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Louisville & Nashville R. Co. v. Smith, 128 Fed. 1, 63 C. C. A. 1.

The averments above quoted by no means show or indicate that the exercise of the privilege complained of would or could have involved injury to the plaintiff to the extent of the jurisdictional amount. No facts are averred which would furnish support for a conclusion as to what, if any, impairment of the value of the plaintiff's property, or of his beneficial enjoyment of it, would result from the track of the railway company crossing the streets and highways mentioned in the resolution complained of, or from the construction of the proposed line by the railway company. Indeed, it cannot be said that it has been made to appear how the plaintiff's right to use and enjoy his property would be prejudicially affected at all by the acts sought

to be enjoined. And certainly the averment to the effect that the parish of Jefferson, its citizens and taxpayers, will be deprived of a sum largely in excess of $3,000, exclusive of interest and costs, as a result of the action of the parish authorities which is complained of, falls far short of showing that the plaintiff individually will thereby be subjected to injury in any such amount.

The defendant railway company, in its motion to dismiss the bill, suggested its failure to show that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. The existence of such value is not disclosed in the bill or elsewhere in the record. In no way is it made to appear that the happening of the things sought to be enjoined would involve prejudice to the plaintiff's interests to the extent required to entitle him to maintain the suit in the court in which it was brought. Such being the situation, that court was without jurisdiction to entertain the bill. It follows that the decree rendered must be reversed.

The cause is remanded, with directions to dismiss the bill.