### NATIONAL SURETY CO. v. LEFLORE COUNTY, MISS., et al.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1919.)

No. 3416.

1. APPEAL AND ERROR ⊜⇒323(3), 336(1)—FAILURE TO JOIN CODEFENDANT, WHERE JUDGMENT IS JOINT, FATAL TO JURISDICTION, UNLESS THERE IS A SEVERANCE.

Where judgment is joint, failure to join a codefendant in the appeal, in the absence of severance, is fatal to the jurisdiction of the appellate court, and will be noticed by it, though no motion to dismiss the appeal has been made.

2. JUDGMENT ⊜⇒532—JUDGMENTS UNDER MISSISSIPPI LAWS JOINT AND SEVERAL.

Judgments and decrees under the laws of Mississippi are joint and several, and not merely joint.

3. APPEAL AND ERROR ⊜⇒336(2)—OMITTED PARTIES MAY BE BROUGHT IN BY AMENDMENT.

On proper application, a writ of error or appeal may be amended by the insertion of omitted parties.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. APPEAL AND ERROR ⊙⟿323(2)—SURETY NEED NOT JOIN PRINCIPAL IN APPEAL, WHERE THERE WAS NO JOINT LIABILITY.

After a surety filed its bill against a bank and county to cancel a bond which the surety had signed to enable the bank to become a county depository, the county filed a cross-bill against the surety and bank, and recovered a decree against the two; the bill of the surety being dismissed. *Held* that, as the bank asserted the validity of the bond, it was not necessary for the surety to join the bank in its appeal, or obtain a severance thereto; the judgment under the laws of the state being joint and several, and the bank occupying a position adverse to that of the surety.

5. DEPOSITARIES ⊙⟿2—BOND OF BANK NAMED AS COUNTY DEPOSITORY NOT CANCELABLE BECAUSE OFFICER OF BANK WAS MEMBER OF BOARD OF SUPERVISORS SELECTING BANK.

A surety on the bond of a bank, which was named as county depository, is not entitled to have the bond canceled because the bank was designated as depository by a bare quorum of the board of supervisors, one member of which was interested in the bank and voted in the selection, for, while the designation was unlawful and it was an offense for the interested supervisor to vote, the bank could not have received county funds without the execution of the bond.

6. DEPOSITARIES ⊙⟿13—LIABILITY OF BANK AS COUNTY DEPOSITORY AND SURETY ON ITS BOND.

Under Laws Miss. 1912, c. 194, § 10, providing that the board of supervisors may employ counsel to enforce payment and collection of funds deposited under its authority and charge the fees against the depository, and that in addition the depository shall be liable in damages for delay in paying over funds, and the surety of the depository shall be liable for such expense and damages, the depository is primarily liable for the attorney's fees and damages, and a surety on its bond is not liable for such sums in excess of the amount of the penalty of the bond; so, where the surety failed to pay the amount of liability when incurred, the utmost for which the surety can be held liable for its own delay is interest from the date the liability was incurred on an amount not in excess of the penalty of the bond.

7. DEPOSITARIES ⊙⟿2, 13—STATE CAN IMPOSE CONDITIONS ON COUNTY DEPOSITORY.

Laws Miss. 1912, c. 194, § 10, making public depositories liable in case of default for penalties for delay and for counsel fees, and also making a surety on the depository's bond liable therefor to the extent of the penalty of the bond, is valid, and the depository and surety accepted such conditions when they accepted the designation as depository and executed the bond.

8. DEPOSITARIES ⊙⟿14—NO NECESSITY FOR DEMAND ON COUNTY DEPOSITORY WHICH HAD CLOSED DOORS.

Where a bank designated as county depository, after refusing to pay county warrants, closed its doors, the county need not make demand, in order to collect damages and attorney's fees provided by law, etc.

9. TRIAL ⊙⟿105(1)—FAILURE TO OBJECT TO EVIDENCE OF VALUE OF COUNSEL FEES ADMITS AUTHORITY TO EMPLOY COUNSEL.

On cross-bill against county depository on its bond, providing a penalty and counsel fees for default, failure of surety to object to introduction of evidence of value of counsel fees admitted authority of county to employ counsel.

Appeal from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Bill by the National Surety Company against Leflore County, Miss., and another. From a decree dismissing its bill, and granting relief

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the county on its cross-bill, complainant appeals. Reversed and remanded, with directions.

John R. Tyson, of Montgomery, Ala., for appellant.

R. C. McBee, A. F. Gardner, and E. V. Hughston, all of Greenwood, Miss., for appellee.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

GRUBB, District Judge. This is an appeal from a final decree, dismissing appellant's bill of complaint, which was filed to cancel a bond executed by appellant, as surety, in favor of Leflore county, in the state of Mississippi, a municipal corporation, appellee, and also by the Itta Bena Banking & Trust Company, as principal, and granting to appellee Leflore county relief on its cross-bill, which sought the enforcement of the bond against the appellant and its codefendant, the Itta Bena Banking & Trust Company. The Itta Bena Banking & Trust Company had acted as depository of the public funds of Leflore county, under a designation claimed by appellant to have been void, because its selection was by a bare quorum of the board of supervisors, one of whom was incapacitated to act, because he was a director and stockholder of the Itta Bena Banking & Trust Company.

[1-4] It was called to the attention of the court upon the hearing of the appeal that the Itta Bena Banking & Trust Company had not joined in the appeal, and that there had been no summons and severance as to it. This court has held, in the case of The Bylands, 231 Fed. 101, 145 C. C. A. 289, that the failure of a codefendant, where the judgment is joint, to join in the appeal, in the absence of a summons and severance, was fatal to the jurisdiction of the court, and would be noticed by it, though no motion to dismiss the appeal had been made, following the case of Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437. In that case, however, the Supreme Court stated that the rule would not apply if the judgment or decree was distributive, so that it could be regarded "as containing a separate judgment against the claimants and another separate judgment against the sureties." Judgments and decrees, under the law of Mississippi, are joint and several, and not merely joint.

It has also been held that on proper application the writ of error or appeal may be amended by the insertion of the omitted parties. Inland Co. v. Tolson, 136 U. S. 572, 10 Sup. Ct. 1063, 34 L. Ed. 539; The Mary B. Curtis, 250 Fed. 9, 162 C. C. A. 181; The Seguranca, 250 Fed. 19, 162 C. C. A. 191. In the case of Winters v. United States, 207 U. S. 564, 28 Sup. Ct. 207, 52 L. Ed. 340, the Supreme Court, speaking of a case in which five of the defendants, who had defaulted, were not joined in the appeal of other defendants, who had answered and defended the bill, said:

"The rule which requires the parties to a judgment or decree to join in an appeal or writ of error, or be detached from the right by some proper proceeding, or by their renunciation, is firmly established. But the rule only applies to joint judgments or decrees. In other words, when the interest of a defendant is separate from that of other defendants, he may appeal without them."

The Supreme Court held that the default of the defendants, who did not join in the appeal, separated their interest from that of the defendants who answered and defended the bill, and, for that reason, excused the appellant from joining them in the appeal. The Supreme Court in that case said:

"Joinder in one suit did not necessarily identify them. Besides, the defendants other than appellants defaulted. A decree pro confesso was entered against them, and thereafter, according to equity rule 19 [29 Sup. Ct. xxvii], the cause was required to proceed ex parte and the matter of the bill decreed by the court. Thomson v. Wooster, 114 U. S. 104 [5 Sup. Ct. 788, 29 L. Ed. 105]. The decree was in due course made absolute, and, granting that it might have been appealed from by the defaulting defendants, they would have been as said in Thomson v. Wooster, absolutely barred and precluded from questioning its correctness, unless on the face of the bill it appeared manifest that it was erroneous and improperly granted. Their rights, therefore, were entirely different from those of the appellants; they were naked trespassers, and conceded by their default the rights of the United States and the Indians, and were in no position to resist the prayer of the bill. But the appellants justified by counter rights, and submitted those rights for judgment. There is nothing, therefore, in common between appellants and the other defendants. The motion to dismiss is denied, and we proceed to the merits."

In the case of Orleans-Kenner Electric Ry. Co. v. Dunbar, 218 Fed. 344, 134 C. C. A. 152, this court said, in overruling a motion to dismiss an appeal for nonjoinder of appellants:

"The interest of the railway company which was affected by the decree rendered was so separate and distinct from that of the other defendant that the former is entitled to maintain an appeal in which the latter does not join. Obviously, the pecuniary or proprietary interest acquired or claimed by the grantee of such a privilege is very different from that of the public governmental body which undertook to confer the privilege. * * * The beneficial proprietary interest which the latter has in the privilege which it claims to have acquired entitles it to maintain an appeal from a judgment or decree adversely affecting its interest, though the official body which undertook to confer the privilege, and which was also a party defendant to the cause, does not join in the appeal. Where the respective interests of several defendants, which are affected by a judgment or decree against all of them, are separate and different, one of them may appeal without joining the others."

In this case, the Itta Bena Banking & Trust Company answered appellant's original bill of complaint by denying the facts stated in it, and that appellant was entitled to the relief asked in it; i. e., the cancellation of the bond. There was therefore no identity of interest between appellant and the Itta Bena Banking & Trust Company in the subject-matter of the decree upon the original bill. The Itta Bena Banking & Trust Company did not answer or defend the cross-bill of the appellee Leflore county, and was in default upon the cross-bill. There was nothing, therefore, in common between its position and that of appellant, even upon the decree upon the cross-bill, for it had arrayed itself on the other side of the litigation from appellant. It was not, therefore, necessary that it be joined in the appeal, or a severance had as to it.

[5] The question on the merits of the appeal is whether the invalidity of the proceeding through which the Itta Bena Banking & Trust Company was selected as a depository for the funds of Leflore county avoided the bond executed by appellant as surety, for the purpose of

securing the funds of the county deposited with the bank. It may be conceded that the appointment was void, and that the interested supervisor, whose vote was necessary to the designation, was guilty of an offense in casting his vote, according to the Constitution and laws of the state of Mississippi. It is, nevertheless, undisputed that the depository was commissioned, entered upon the discharge of its duties, and received funds of the county under color of its office, which it failed to account for. It was enabled to do these things by virtue of the bond which the appellant, as surety, had executed with it. But for the filing of the bond, it could neither have been commissioned as depository nor received the county's funds in that capacity. In view of these undisputed facts, we think the appellant cannot assert, as against the county, the invalidity of the appointment of the depository and of fidelity bond; this not merely because the bond recited the appointment, but because by reason of the execution of it, and its delivery to the county, in consideration of a premium paid to the appellant, the loss of the funds deposited was brought about. We think the weight of reason and authorities support this conclusion. Of the many cases so holding we cite and quote from one only. In the case of United States v. Maurice, Fed. Cas. No. 15747, 2 Brock. 96, Chief Justice Marshall said:

"Admitting the appointment to be irregular, to be contrary to the law and its policy, what is to be the consequence of this irregularity? Does it absolve the person appointed from the legal and moral obligation of accounting for public money which has been placed in his hands in consequence of such appointment? Does it authorize him to apply money so received to his own use? If the policy of the law condemns such appointments, does it also condemn the payment of money received under them? Had this subject been brought before the Legislature, and the opinion be there entertained that such appointments were illegal, what would have been the probable course? The Secretary of War might have been censured; an attempt might have been authorized to make him ultimately responsible for the money advanced under the illegal appointment; but is it credible that the bond would be declared void? Would this have been the policy of those who make the law? Let the course of Congress in another case answer this question. It is declared to be unlawful for any member of Congress to be concerned in any contract made on the part of the United States, and all such contracts are declared to be void. What is the consequence of violating this law, and making a contract against its express provisions? A fine is imposed on the violator, but does he keep the money received under the contract? Far from it. The law directs that the money so received shall be forthwith repaid, and, in case of refusal or delay, 'every person so refusing or delaying, together with his surety or sureties, shall be forthwith prosecuted at law, for the recovery of any such sum or sums of money advanced as aforesaid.' If, then, this appointment be contrary to the policy of the law, the repayment of the money under it is not, and a suit may, I think, be sustained, to coerce such repayment on the bond given for that purpose."

[6] We conclude that the District Court correctly entered a decree dismissing the original bill, and in favor of the appellee on its cross-bill in some amount. The penalty of the bond was $15,000. The statute of Mississippi (section 10, c. 194, Laws Miss. 1912) provides that the board of supervisors is authorized to employ counsel to enforce the payment and collection of funds deposited under its authority, and to charge such counsel fees against the depository, and in

addition thereto that the "depository shall be liable for damages at the rate of one per cent. per month for any delay in paying over any county funds when lawfully demanded, and the bond of any depository shall be liable for said expenses and damages." The District Judge awarded damages by way of delay and counsel fees in excess of the penalty of the bond and legal interest on it, from the date the liability was incurred, upon the theory that the penalty and counsel fees were, by the statute, inflicted primarily upon the surety, as well as upon the depository. We think the statute imposes damages by way of penalty for delay and counsel fees for collection primarily only upon the depository, and not upon the surety. The defaults punished by the statute are those of the depository alone by the very terms of the statute, and the damages and counsel fees are imposed upon the depository, and it alone.

The statute, however, makes the bond of the depository stand as security for such damages and counsel fees, just as it does for the moneys deposited and unaccounted for. Clearly the total liability for the acts of the depository secured by the bond and recoverable from the surety cannot exceed the penalty of the bond. We think, therefore, the District Court erred in awarding damages and counsel fees, which, together with the moneys deposited and lost, exceeded the penalty of the bond and legal interest from date of accrual of liability. We think the proper rule to be applied would limit the entire damages for which the surety was liable to the appellee for the defaults of his principal to the amount of the penalty of the bond. If the surety failed to pay the amount of the liability when it was incurred, the utmost for which it could be held liable for its own delay, as distinguished from that of its principal, the depository, would be interest at the legal rate from the date the liability was incurred (in this case May 28, 1913) until the rendition of the decree, upon an amount not in excess of the penalty of the bond.

[7] We think it was competent for the Mississippi Legislature to provide that public depositories should be liable in case of default for penalties for delay and for counsel fees. The terms of the statute in this respect enter into the contract between the county and the depository. The depository was free to accept or reject this added liability. For a like reason it was competent for the Legislature to provide that the depository's bond should secure the penalties and counsel fees to the extent of the penalty of the bond. The surety accepted the added responsibility voluntarily, by executing the bond, with knowledge of the terms of the statute. Fidelity & Deposit Co. v. Wilkinson County, 109 Miss. 879, 69 South. 865; Fidelity Mutual Life Insurance Co. v. Mettler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922.

[8, 9] The refusal of the depository to pay the warrants of the appellees and the closing of its bank excused a demand on the depository. Fidelity & Deposit Co. v. Wilkinson County, 109 Miss. 879, 69 South. 865. It was therefore liable for the statutory penalty and counsel fees, and as the counsel fees alone, in addition to the moneys deposited and unaccounted for, exceeded the penalty of the bond, the entire penalty of the bond was a liability of the depository secured by the bond on

which appellant was surety. The cross-bill averred the employment of counsel by the county, and this averment was not put in issue or denied by appellant, and required no proof to sustain it.

Evidence of the reasonableness of counsel fee was not objected to by appellant, when offered by the appellee. It could have been material only in the event the employment of counsel was authorized, and failure of appellant to object to it constituted a tacit admission of authority.

We think the decree of the District Court, as far as it related to appellant, was erroneous in amount only, and should have been for the sum of $13,636.13, with interest thereon at the rate of 5¾ per cent., the stipulated rate before default, from March 31, 1913, until May 28, 1913, the date of default, and thereafter, and until the decree is finally rendered, at the rate of 6 per cent., the legal rate in Mississippi, and that there should be added to the amount and interest so calculated for counsel fees the sum of $1,363.87—the difference between the penalty of the bond and the amount of moneys deposited and unaccounted for. No interest before final decree is to be allowed upon the counsel fees.

The decree is reversed, and cause remanded, with directions to enter a decree conformably to this opinion; and it is so ordered.