FLEMING v. MONTANA COAL & IRON CO.

(Circuit Court of Appeals, Ninth Circuit. June 4, 1923.)

No. 3995.

Corporations ☞457—Injunction will not issue to prevent mortgagor's buying its bonds, instead of redeeming under option.

Where corporate mortgage gave mortgagor the option to call bonds for redemption before maturity at 105 per cent. of the par value thereof, injunction would not issue at suit of a bondholder to prevent the mortgagor's purchase in the open market of bonds without complying with the option; such option being for the mortgagor's benefit solely, and its nonexercise and purchase of the bonds by mortgagor resulting in no injury to such bondholders.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by Henry S. Fleming against the Montana Coal & Iron Company. From an order denying a temporary injunction (286 Fed. 453), plaintiff appeals. Affirmed.

George F. Shelton, of Butte, Mont., and Folger & Rockwood, of New York City, for appellant.

Thomas M. Kearney, of Racine, Wis., and Johnston, Coleman & Johnston and W. J. Jameson, Jr., all of Billings, Mont., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The plaintiff is the owner of four bonds of the defendant company, of the par value of $1,000 each, secured by mortgage. The mortgage provides, among other things, that it is for the equal and pro rata benefit and security of all bondholders, at whatsoever period the bonds may be issued, without any preference or priority of one bond over another, except as to the mode of redemption therein provided. The mortgage then prescribes two methods for redemption before maturity. The first is from a sinking fund, and is

not in controversy here, as it is conceded that the sinking fund provision has at all times been complied with. Under the second method, the mortgagor may call bonds for redemption before maturity.. The bonds to be thus redeemed are selected by lot, and upon redemption the mortgagor agreed to pay a premium of 5 per cent. upon the par value of the bonds, in addition to the principal and accrued interest.

The plaintiff in the case sues in his own behalf and on behalf of all others similarly situated. The complaint alleges that the mortgagor has heretofore redeemed bonds to the amount or value of $138,000, without complying with the foregoing requirements of the mortgage, thus depriving the plaintiff of the opportunity to have his bonds selected for redemption at a premium of 5 per cent., and threatens to continue so to do, to the irreparable damage and injury of the plaintiff. The court below denied a temporary injunction, and from that order the present appeal is prosecuted. There is no substantial merit in the appeal. Unless restrained by contract, the right of the mortgagor to pay its debts and redeem its bonds before maturity is absolute and unqualified. The provision upon which the appellant relies was inserted in the mortgage for the sole benefit of the mortgagor, to enable it to redeem its bonds before maturity, without the consent of the bondholders. This reservation of a right does not limit or impair the general right enjoyed by every solvent debtor. Again, if we should assume that the appellant has the abstract right claimed, it would scarcely justify injunctive relief. He concedes the right of the mortgagor to dispose of its surplus as it sees fit, to distribute it among stockholders by way of dividends, to invest it in other securities, and even the right to invest it in its own bonds, provided the bonds are not redeemed or canceled.

In the face of this concession, how can it be said that the injury to the appellant is irreparable? If the bonds are worth 105 on the market, the appellant is not injured; and if worth less than that, it is safe to say that they will not be called for redemption at that figure. The right, therefore, would seem to be a barren one at best, and this suggests a grave doubt as to the jurisdiction of the court below. Jurisdiction was dependent upon a diversity of citizenship, and the value of the matter in controversy must exceed $3,000. The validity of the bonds is not questioned, and the security is in no wise impaired. The matter in controversy was not the bonds themselves, but the mere right to have them selected for redemption by lot. For reasons already stated, the value of this right is little more than nominal, and the general averment in the complaint that the value of the matter in controversy exceeds $3,000 is colorable only. In discussing a similar question in Orleans-Kenner Electric Ry. Co. v. Dunbar, 218 Fed. 344, 134 C. C. A. 152, the court said:

"The plaintiff sued in behalf of himself and of all other persons or corporations in interest who might join in the suit. No one else joined him in the suit. The result was that the original plaintiff was the only party before the court to be benefited by the decree which was rendered. Bruce v. Manchester & Keene Railroad, 117 U. S. 514, 6 Sup. Ct. 849, 29 L. Ed. 990. The suit remained one the sole purpose of which was to protect the original plaintiff's individual interests, and to prevent damage to him as a result of the granting of the privilege complained of. In such case the suit cannot be

maintained, unless it is made to appear that the exercise of the privilege claimed to have been wrongfully conferred, and which is sought to be enjoined, would result in damages to the plaintiff to an amount in excess of $3,000. The matter involved was the injury to the plaintiff's property interest."

Certiorari in that case was denied by the Supreme Court, 238 U. S. 618, 35 Sup. Ct. 418, 59 L. Ed. 1492. It was there held that the court was without jurisdiction, unless the privilege granted to the defendant resulted in damages to the plaintiff to an amount exceeding $3,000, and it would seem to follow that the damages resulting to the appellant from a denial of the privilege here claimed must equal or exceed the jurisdictional amount. But the court below granted no relief calling for the exercise of jurisdiction, and inasmuch as the objection was neither raised there nor suggested here, we do not feel called upon to consider the question farther. If, in the opinion of the court below, it is without jurisdiction, the complaint should be dismissed upon that ground, rather than upon the merits.

The order appealed from is affirmed.