# WASHINGTON AND GEORGETOWN RAILROAD COMPANY *v.* DISTRICT OF COLUMBIA.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 27. Argued and submitted November 10, 11, 1892. — Decided November 21, 1892.

With certain exceptions, within which this case does not fall, the statutes regulating appeals from the Supreme Court of the District of Columbia

only apply to cases where there is a matter in dispute measurable by some sum or value in money.

The appellate jurisdiction of this court, when dependent upon the sum in dispute between the parties, is to be tested without regard to the collateral effect of the judgment in another suit between the same or other parties; and this rule applies to a bill in equity to restrain the collection of a specific tax levied under a general and continuing law.

In such a suit the matter in dispute, in its relation to jurisdiction, is the particular tax attacked; and unaccrued or unspecified taxes cannot be included, upon conjecture, to make up the requisite jurisdictional amount.

THE Washington and Georgetown Railroad Company filed its bill in the Supreme Court of the District of Columbia, on October 23, 1884, against the District of Columbia and the Commissioners of the District, alleging that it was a corporation duly organized under the act of Congress in that behalf; that under the act of Congress of February 21, 1871, entitled "An act to provide a government for the District of Columbia," (16 Stat. 419,) the legislative assembly of the District passed an act, August 23, 1871, entitled "An act imposing a license on trades, business and professions practised or carried on in the District of Columbia," the twenty-sixth paragraph of the twenty-first section of which was in the words and figures following, to wit:

"The proprietors of hacks, cabs and omnibuses, and street cars and other vehicles for transporting passengers for hire, shall pay annually as follows: Hacks and carriages, ten dollars; one-horse cabs, six dollars; omnibuses, ten dollars; street cars, six dollars, or other vehicles capable of carrying ten passengers or more at one time, ten dollars."

And the fourth section, (omitting a proviso,) was as follows:

"That every person liable for license tax, who, failing to pay the same within thirty days after the same has become due and payable, for such neglect shall, in addition to the license tax imposed, pay a fine or penalty of not less than five nor more than fifty dollars, and a like fine or penalty for every subsequent offence." (Laws Dist. Col. 1871, 1872, 1873, pp. 87, 88, 97.)

The bill further averred that, in pursuance and execution

of the provisions of said act, "the municipal authorities of the District of Columbia have at various times harassed and annoyed, and still continue to harass and annoy the officers and agents of the complainant in the discharge of their duties to the complainant and in their efforts to comply' with the peremptory requirements of the charter of the company; and unless the said defendants shall be restrained by the injunction of this court they will probably continue to annoy and harass the said officers and agents."

It was then alleged that at some time prior to August 28, 1877, the Commissioners of the District presented to the police court an information alleging violation of the act or ordinance, and seeking to have fines imposed upon the company for failure to pay the license tax, and the court adjudged the complainant guilty and imposed a fine, from which judgment an appeal was taken to the Criminal Court of the District, where the information was dismissed; that the judgment of the Criminal Court was final, and that no appeal could be taken therefrom; that afterwards, and some time prior to April, 1882, another information with like charges and allegations was presented to the police court, upon which a like judgment was rendered and a like fine imposed; that from this judgment also an appeal was taken to the Criminal Court, and on April 4, 1882, the information was dismissed by the District authorities.

The bill also stated that on September 20, 1884, the municipal authorities caused two informations to be presented to the police court, each containing like charges and allegations as before, one of them being intended to cover the period from July 1, 1883, to July 1, 1884, and the other the period from July 1, 1884, to September 20, 1884, each of the informations complaining of the use by complainant of about one hundred street cars without having paid license therefor; that these two cases are now pending and undecided in the police court, "but the said municipal authorities threaten to proceed to judgment, and the complainant fears that said court will again render judgment against it and impose burdensome and harassing fines upon it and issue harassing and unlawful writs

by way of execution of its judgment." Copies of the informa-
tions accompanied and were made parts of the bill.

The bill charged the invalidity of the license tax in question
for various reasons therein set forth, and, among others, upon
the ground of the repeal of the act of the legislative assembly,
so far as stock corporations were concerned, by certain desig-
nated acts of Congress.

The bill then alleged: "That the complainant is now and
has been during the year 1884 running one hundred and six
cars (106), sixty-four (64) of which are two-horse and forty-
two (42) of which are one-horse cars. The complainant has
always insisted that said tax was unlawful, and has refused
to pay it ever since July, 1876, and if it shall be held to be a
lawful tax the amount which would probably be computed
and charged against the complainant by the said municipal
authorities would reach nearly, if not quite, the sum of fifty-
two hundred dollars, besides interest, fines and penalties."

Complainant thereupon averred that unless the defendants
were enjoined, irreparable injury to its business would result;
that it was without adequate remedy at law; and that inas-
much as the criminal court had decided adversely to the
municipal authorities, "complainant ought to be protected
from multiplicity of suits and harassing and annoying writs."

The prayers were for process, and for an injunction "from
prosecuting the said actions in the said police court, or either
of them, and also from instituting any other like actions for
like purposes in said court, and also from attempting in any
manner, directly or indirectly, to collect said license tax men-
tioned and described in the said twenty-sixth (26) paragraph
of section twenty-one (21) of the said act of the legislative
assembly of the District of Columbia, approved August 23,
1871, and also from charging up or entering upon the books
of said municipal corporation against the complainant any
sum or sums on account of said license tax," and for general
relief.

The defendants demurred, and on November 23, 1886, the
Supreme Court in special term rendered judgment sustaining
the demurrer and dismissing the bill with costs. The demurrer

was decided by the special term upon the merits, and the validity of the tax sustained. On appeal to the Supreme Court in general term, that court, without considering the merits, affirmed the decree below dismissing the bill upon the ground that it was brought for the purpose of enjoining *quasi* criminal proceedings, and hence was beyond the jurisdiction of a court of equity. 6 Mackey, 570.

From this decree an appeal was allowed to this court.

*Mr. Enoch Totten* and *Mr. Walter D. Davidge* for appellant.

*Mr. George C. Hazelton* and *Mr. Sidney T. Thomas* for appellees submitted on their brief.

MR. CHIEF JUSTICE FULLER, after stating the case as above reported, delivered the opinion of the court.

Both sections of the act of March 3, 1885, regulating appeals from the Supreme Court of the District of Columbia, (23 Stat. 443, c. 355,) apply to cases where there is a matter in dispute measurable by some sum or value in money. *Farnsworth* v. *Montana,* 129 U. S. 104, 112; *Cross* v. *Burke, ante,* 82. By that act no appeal or writ of error can be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court of the District of Columbia, unless the matter in dispute exclusive of costs shall exceed the sum of five thousand dollars, except that where the case involves the validity of any patent or copyright, or the validity of a treaty or statute of, or an authority exercised under, the United States, is drawn in question, jurisdiction may be maintained irrespective of the amount of the sum or value in dispute.

It was not suggested in argument that the present appeal falls within the exception. Manifestly it does not, since the contention that the provision for a license tax contained in the act of the legislative assembly, was repealed by implication by the acts of Congress referred to, involved no question of legislative power, but simply one of judicial construction.

It is well settled that our appellate jurisdiction, when dependent upon the sum or value really in dispute between

the parties, is to be tested without regard to the collateral effect of the judgment in another suit between the same or other parties. No matter that it may appear that the judgment would be conclusive in a subsequent action, it is the direct effect of the judgment that can alone be considered. *New England Mortgage Security Co.* v. *Gay*, 145 U. S. 123, 130; *Clay Center* v. *Farmers' Loan and Trust Company*, 145 U. S. 224; *Gibson* v. *Shufeldt*, 122 U. S. 27, and cases cited.

The inquiry at once arises in this case, therefore, whether it appears from the record that the matter in dispute, exclusive of costs, exceeds the sum of five thousand dollars. And, without confining the scope of the bill to the prosecutions for penalties, we are of opinion that that fact does not appear in any aspect, and that this appeal must be dismissed for want of jurisdiction.

It is true that the bill states that complainant has refused to pay the license tax since July, 1876, and that if it be held to be a lawful tax "the amount which would probably be computed and charged against the complainant by the said municipal authorities would reach nearly, if not quite, the sum of fifty-two hundred dollars, besides interest, fines and penalties," but this averment taken with the other allegations is entirely insufficient, for the number of the company's cars is not shown except for the years 1883 and 1884, and the amount of the tax for the preceding years is not disclosed in any other manner. Nor is the averment of a probable computation and charge by the District officials equivalent to a denial of other defences, than illegality, to taxes in arrears, and a concession that if the tax be lawful the company is liable in the sum stated.

The matter in dispute in its relation to jurisdiction is the particular taxes attacked, and unaccrued or unspecified taxes cannot be included, upon conjecture, to make up the requisite amount.

The taxes for 1883 and 1884 and the maximum penalties of the prosecutions referred to do not approach the jurisdictional sum, and in this state of the record the appeal cannot be retained.                              *Appeal dismissed.*