## COLVIN *v.* JACKSONVILLE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 991. Submitted May 6, 1895. — Decided May 27, 1895.

Where the jurisdiction of the court below is in issue, and the case is certified here for decision, the certificate must be granted during the term at which the judgment or decree is entered.

In a suit in equity to restrain the issue of bonds by a municipal corporation,

brought by a taxpayer, the jurisdiction of the Circuit Court is determined by the amount of the interest of the complainant, and not by the amount of the issue of the bonds.

THIS was a bill filed by John H. Colvin, a citizen of the State of Illinois, on May 8, 1894, against the city of Jacksonville, Florida, and its mayor, in the Circuit Court of the United States for the Northern District of Florida, to enjoin and restrain the issue, sale, delivery, pledge, or other disposition of a certain issue of bonds to the amount of one million dollars.

By the act of Congress entitled "An act to change the boundaries of the judicial districts of the State of Florida," approved July 23, 1894, 28 Stat. 117, c. 149, the county of Duval, in which the city of Jacksonville is situated, was detached from the Northern District of the State and attached to the Southern District thereof.

The bill was dismissed by the Circuit Court, December 4, 1894, for want of jurisdiction, and an appeal prayed and allowed to this court, and, being docketed, the case was dismissed April 1, 1895, because of the absence of a certificate of the Circuit Court in accordance with section 5 of the judiciary act of March 3, 1891. *Colvin* v. *Jacksonville*, 157 U. S. 368. Thereupon plaintiff prayed a second appeal, which was allowed, and a certificate on the question of jurisdiction to this court signed, April 11, 1895, and the cause having been again docketed was submitted as under the thirty-second rule.

*Mr. H. Bisbee* for appellant.

*Mr. A. W. Cockrell* for appellees.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

We are of opinion that where the jurisdiction of the court below is in issue and the case is certified to us for decision the certificate must be granted during the term at which the judgment or decree is entered, by analogy to the statutory provisions on that subject which obtained in relation to certificates

of division of opinion; Rev. Stat. §§ 650, 651, 652, 693, 697; *Maynard* v. *Hecht*, 151 U. S. 324; and in view of the general rule as to the inability of the court to deal with matters of this sort after the expiration of the term; *Hickman* v. *City of Fort Scott*, 141 U. S. 415; *Morse* v. *Anderson*, 150 U. S. 156

But we assume, though it is somewhat obscure, that the term was still open when this certificate was signed. The certificate is as follows:

"This cause came on to be heard upon a motion for an injunction as prayed for in the bill of complaint and for the appointment of a receiver.

"In the bill and amended bill filed herein complainant alleged that he was a citizen of the State of Illinois; that he owned property within the limits of the city of Jacksonville; that the city was about to issue and sell bonds of said city to the amount of one million dollars; that the amount of taxes that would be assessed upon the property owned by him in the city of Jacksonville, on account of the issue of said bonds, as interest and sinking fund, would exceed two thousand dollars; whereupon he prayed for an injunction and a receiver for any such bonds as may have been issued.

"The answer filed denied that complainant was the owner of taxable property upon which the amount of taxes which would be levied as interest and sinking fund on account of the issue of said bonds would exceed two thousand dollars, but alleged that the only property owned by complainant which would be liable to taxation by said city of Jacksonville was but about $14,000, and the amount of taxes would not exceed $2000, and upon a hearing upon the bills and answer and affidavits in support of the allegations of the same, had upon motion of the complainant; it was contended by the complainant that the property of said complainant would be liable to taxation on account of the issue of said bonds to an amount exceeding $2000, and it was further contended by complainant as a proposition of law that the amount of taxes that the complainant would have to pay was not the amount in controversy, but that the total amount of issue of bonds, one million of dollars, was the amount in controversy which would deter-

mine the jurisdiction of this court, and upon said hearing as aforesaid the court found as a matter of fact that the amount of taxes which the complainant would be obliged to pay as interest and sinking fund on account of the said proposed issue of bonds would not exceed two thousand dollars, and as a matter of law that the interest which the complainant had in the issue of bonds and not the amount of the entire issue thereof was the amount in controversy, and found therefore that this court had no jurisdiction of such controversy, and therefore dismissed said complainant's bill.

"Now, therefore, it is certified that the question of the jurisdiction of this court upon the grounds hereinbefore stated, namely:

"1st. That the amount of the interest of the complainant and not the entire issue of bonds was the amount in controversy ; and,

"2d. That having found as a matter of fact upon a hearing had upon motion of the complainant upon bill and answer and affidavits filed by each party that the interest of the complainant did not exceed $2000, it was the duty of the court to dismiss the bill, is the only question of law upon the pleadings and process for the decision of the Supreme Court of the United States."

We are confined in the disposition of the case to the certificate, from which it appears that the case was heard upon a motion for an injunction and for the appointment of a receiver, on the bill and amended bill, answer, and affidavits. And that the court found as matter of fact that the entire amount of taxes which complainant would be obliged to pay as interest and sinking fund on account of the proposed issue of bonds would not exceed $2000, and thereupon dismissed the bill for want of jurisdiction. It was contended by complainant that the amount of taxes he would have to pay was not the amount in controversy, but that the total amount of the issue of bonds was. But this contention was overruled, and if the court did not err in that particular, and assuming, as we must, that complainant's liability did not exceed $2000, the decree of the court was right, since it was its duty, when

it appeared to its satisfaction that the suit did not really and substantially involve a dispute or controversy properly within its jurisdiction, to proceed no farther, and to dismiss the case. *Morris* v. *Gilmer*, 129 U. S. 315.

This leaves the only question to be considered whether the amount of the interest of complainant, and not the entire issue of bonds, was the amount in controversy, and, in respect of that, we have no doubt the ruling of the Circuit Court was correct.

In *El Paso Water Company* v. *El Paso*, 152 U. S. 157, 159, which was a bill filed by the water company against the city of El Paso for an injunction, it was alleged, among other things, that if certain bonds were issued, the complainant would be compelled to pay taxes on its property for the interest on the bonds and to provide a sinking fund for the principal thereof, but the amount of the tax that would be thereby cast upon complainant's property was not disclosed, and we said upon the question whether there was a sufficient amount in controversy to give this court jurisdiction: "The bill is filed by the plaintiff to protect its individual interest, and to prevent damage to itself. It must, therefore, affirmatively appear that the acts charged against the city, and sought to be enjoined, would result in its damage to an amount in excess of $5000. So far as respects the matter of taxes which, by the issue of bonds, would be cast upon the property of the plaintiff, it is enough to say that the amount thereof is not stated, nor any facts given from which it can be fairly inferred." The case is in point and is decisive.

*Brown* v. *Trousdale*, 138 U. S. 389, 394, is not to the contrary. There several hundred taxpayers of a county in Kentucky, for themselves and others associated with them, numbering about twelve hundred, and for and on behalf of all other taxpayers in the county, "and for the benefit likewise of said county," filed their bill of complaint against the county authorities and certain funding officers, and all the holders of the bonds, seeking a decree adjudging the invalidity of two series of bonds aggregating many hundred thousand dollars, and perpetually enjoining their collection; and an injunction

was also asked as incidental to the principal relief against the collection of a particular tax levied to meet the interest on the bonds. The leading question here was whether the case had been properly removed from the state court, and no consideration was given to the case upon the merits. As to the jurisdiction of this court, we said: "The main question at issue was the validity of the bonds, and that involved the levy and collection of taxes for a series of years to pay interest thereon, and finally the principal thereof, and not the mere restraining of the tax for a single year. The grievance complained of was common to all the plaintiffs and to all whom they professed to represent. The relief sought could not be legally injurious to any of the taxpayers of the county, as such, and the interest of those who did not join in or authorize the suit was indentical with the interest of the plaintiffs. The rule applicable to plaintiffs, each claiming under a separate and distinct right, in respect to a separate and distinct liability and that contested by the adverse party, is not applicable here. For although as to the tax for the particular year, the injunction sought might restrain only the amount levied against each, that order was but preliminary, and was not the main purpose of the bill, but only incidental. The amount in dispute, in view of the main controversy, far exceeded the limit upon our jurisdiction, and disposes of the objection of appellees in that regard."

*Decree affirmed.*