### CITY OF HELENA v. HELENA WATERWORKS CO.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1909.)

#### No. 1,703.

1. COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.
   Where the primary purpose of a bill was to enjoin the execution of a contract for the construction of a city water system and to restrain the issuance and delivery of city bonds to the extent of $600,000 on the ground that the issue of the bonds was void, and the bill alleged that if the bonds were issued complainant would be required to pay in taxes a sum exceeding $10,000, such amount represented the amount in controversy for the purpose of determining federal jurisdiction, and not the amount of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

first annual assessment on complainant's property to pay interest and provide a sinking fund for the payment of the bonds.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Court as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

**2.** MUNICIPAL CORPORATIONS (§ 1000*) — BONDS — PRELIMINARY INJUNCTION — SCOPE—BILL.

Where a bill sought to restrain the issuance of bonds by a city for the construction of a waterworks system and to restrain the city from entering into a contract for the construction of such system on the ground that the proceedings were void, a preliminary injunction restraining the issuance of the bonds, and also restraining the city from making any contract or incurring any indebtedness for a waterworks system or supply, was to be construed in accordance with the allegations of the bill and the purposes of the suit, and was, therefore, not objectionable as enjoining the city from taking further steps for a new bond issue to acquire a water system.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1000.*]

Appeal from the Circuit Court of the United States for the District of Montana.

Bill by the city of Helena against the Helena Waterworks Company to enjoin the issuance and sale of water bonds and the making of a contract for the construction of the city water system. From an order granting an interlocutory injunction, the city appeals. Affirmed.

The appeal in this case is taken from an interlocutory injunction issued on February 11, 1909, enjoining the appellant from issuing or selling $600,000 of its water bonds, and from making any contract or incurring any indebtedness for a water system or supply, and from collecting from the appellee a tax of one mill, or any other amount, for the payment of interest on the bonds. The appellee, as complainant, in its bill set forth facts showing the invalidity of the issue of the bonds, and upon the bill and the answer of the appellant thereto the court found and adjudged that the issue was unlawful and void, and thereupon granted the interlocutory injunction. The appellant objected to the jurisdiction in the court below, both by demurrer and plea, on the ground that it did not appear from the bill that the requisite jurisdictional amount was involved in the controversy. The bill alleged that the matter in dispute exceeds the sum of $2,000, exclusive of interest and costs; that the appellee is the owner of real and personal property in the city of Helena, of the value of several hundred thousand dollars, on which taxes have been levied and collected by the city; that the assessed value of the taxable property of the city of Helena, for state and county taxes for the year 1907, was the sum of $10,799,050, and for the year 1908, $11,629,834; that on September 24, 1908, the city council of said city passed a resolution, which was approved by the mayor, levying a tax for the payment of interest upon said water bonds of one mill; that if the bonds are issued, and become obligations on said city, the taxes on the property of the appellee within the said city, to pay interest on said bonds and provide a sinking fund for the redemption thereof, will exceed the sum of $10,000.

Edward Horsky and C. A. Loomis, for appellant.
Milton S. Gunn and Carl Rasch, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appeal presents but two questions: First, whether the amount in con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

troversy was sufficient to confer jurisdiction on the court below; and, second, whether, in view of the issues involved, the injunction order was more inclusive than it should have been. It is not alleged in the bill that the first of the annual assessments about to be levied upon the appellee's property will exceed $2,000, exclusive of interest and costs, and in the answer it is alleged that the first assessment will be but $398.50. But the bill does allege that, if the bonds issue and become obligations of the city, the taxes on the appellee's property to pay interest on the bonds from year to year and to provide a sinking fund for the redemption thereof will exceed in the total the sum of $10,000.

The appellant relies upon decisions such as Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 Sup. Ct. 272, 44 L. Ed. 374, in which it is held that, in a suit to enjoin the collection of a certain specific annual tax, the future taxes which may be affected by the decision cannot be included in determining the value of the matter in dispute. But the present case does not come within the doctrine of those decisions. Here the main and primary purpose of the bill is, not to enjoin the collection of a sum claimed to be due as a tax, but to enjoin the execution of a contract for the construction of a water system and to restrain the issuance and delivery of bonds of $600,000. In such a case it is sufficient to sustain the jurisdiction if it appear that the total burden of future taxation that will be imposed upon the complainant's property by the threatened action equals or exceeds the jurisdictional amount. The question of the power of the municipality to take the proposed step and to create the liability to taxation being involved, the amount in controversy is the sum of the complainant's taxation—not his taxes for one year, but his taxes for the whole period of his liability thereunder. In Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308, 34 L. Ed. 987, the suit was brought by several hundred taxpayers, for themselves and others associated with them, and for the benefit of all other taxpayers, alleging the invalidity of certain bonds, and praying that their collection be enjoined. The court said:

"The main question at issue was the validity of the bonds, and that involved the levy and collection of taxes for a series of years to pay interest thereon, and finally the principal thereof, and not the mere restraining of the taxes for a single year. The grievance complained of was common to all plaintiffs, and to all whom they professed to represent. The relief sought could not be legally injurious to any of the taxpayers of the county as such, and the interest of those who did not join in or authorize the suit was identical with the interest of the plaintiff. The rule applicable to plaintiffs, who claim under a separate and distinct liability, and that contested by the adverse party, is not applicable here; for, although as to the tax for the particular year the injunction sought might restrain only the amount levied against each, that order was but preliminary, and was not the main purpose of the bill, but only incidental. The amount in dispute, in view of the main controversy, far exceeded the limit upon our jurisdiction, and disposes of the objection of appellees in that regard."

In Colvin v. Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, 39 L. Ed. 1053, a citizen of another state brought a suit against the city of Jacksonville, Fla., and its mayor, to enjoin and restrain the issue, sale, delivery, pledge, or other disposition of a certain issue of bonds to the amount of $1,000,000. The Circuit Court had found that the total amount of tax which the plaintiff would be obliged to pay for interest and sinking fund on account of the said proposed issue of bonds would

not exceed $2,000, and on that ground had denied its jurisdiction. In the Supreme Court the ruling was affirmed, and it was held as matter of law that the interest which the complainant had in the issue of the bonds, and not the amount of the entire issue thereof, was the amount in controversy. So in El Paso Water Co. v. El Paso, 152 U. S. 157, 14 Sup. Ct. 494, 38 L. Ed. 396, in a bill to enjoin the city from issuing certain bonds, it was alleged that if they were issued the complainant would be compelled to pay taxes on its property for the interest on the bonds and to provide a sinking fund for the principal thereof; but the amount of the tax that would thus be imposed upon the complainant's property was not disclosed. The court held that, in a bill filed by a plaintiff to protect his individual interest and to prevent damage to himself, it must affirmatively appear that the acts charged against the city, and sought to be enjoined, would result in his damage in a sum equal to the jurisdictional amount. Said the court:

"So far as respects the matter of taxes which by the issue of bonds will be cast upon the property of the plaintiff, it is enough to say that the amount thereof is not stated, nor any facts given from which it can be fairly inferred."

It is clear, from the expressions of the court in the two cases last referred to, that it was solely because the total possible liability of the complainants under the bond issue sought to be enjoined therein would not amount in the aggregate to a sum sufficient to confer jurisdiction that the power of the court to restrain the creation of that liability was denied. In harmony with the doctrine of those cases is the decision of the Circuit Court of Appeals for the Eighth Circuit in City of Ottumwa v. City Water Supply Co., 119 Fed. 315, 56 C. C. A. 219, 59 L. R. A. 604.

The appellant attempts to distinguish that case from the case at bar on the ground that there the constitutional power of the city to issue the bonds was denied, and argues that a distinction is to be observed between cases where the municipality has absolutely no lawful power to enter into the contract to issue the bonds and cases where the power exists and it is sought to defeat the action of the municipality on grounds affecting the legality of the proceedings. Upon principle, we think no such distinction can be made. If, on the ground of the alleged invalidity of the proposed action of the municipal corporation, the amount in controversy in a taxpayer's suit for an injunction is to be measured by the total amount of the burden to be imposed on him, it can make no difference whether the illegality of the action consists in the violation of constitutional restrictions, or in irregularities in procedure, or, indeed, in mere violation of the complainant's contractual rights; for in either case the controversy involves but one question, the power of the corporation to make the contract and to issue the bonds. We hold that the amount in controversy in the present case is sufficient to sustain the jurisdiction.

It is contended that the injunction goes beyond the issues in restraining the appellant "from making any contract or incurring any indebtedness for a water system or supply," and that in the broad terms in which it is expressed the appellant is enjoined from taking further

steps to provide for a new bond issue for the purpose of acquiring a water system. In answer to this it is sufficient to say that the injunction is to be read in the light of the averments of the bill and the purposes of the suit. When so considered, it is apparent that it restrains only the action which is complained of in the bill. Sailors' Union of the Pacific v. Hammond Lumber Co., 156 Fed. 450, 85 C. C. A. 16.

The injunction order is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

