No. 20,266.

THE INTERSTATE TOWNSITE COMPANY, *Appellee*, v. W. R. ZIMMERMAN, *Appellant*.

SYLLABUS BY THE COURT.

1. APPEAL—*Amount Involved—Jurisdiction.* In determining the amount in controvery as affecting jurisdiction in an appeal the collateral effect of the judgment can not be considered.

2. SAME. The judgment in the lower court was for $26.16, the amount of six installments and interest on a note for $178. *Held,* that the amount of the judgment was the value in controversy notwithstanding it appears that the judgment will be *res judicata* in a subsequent action.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 10, 1917. Dismissed.

*W. R. Hazen,* and *H. W. Page,* both of Topeka, for the appellant.

*D. H. Branaman,* and *B. J. Lempenau,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action was commenced in the court of Topeka to recover $24 on a promissory note for $178, payable in monthly installments of $4 each. The action was appealed to the district court where judgment was given in plaintiff's favor for $26.16. The defendant appeals.

1. There is a motion to dismiss the appeal on the ground that the amount in controversy is less than $100, exclusive of costs. (Civ. Code, § 566.) The defendant claims the case falls within the principle of *Green v. Annuity Association,* 90 Kan. 523, 135 Pac. 586, where the plaintiff sued for an installment

on an insurance policy and the defendant set up a counter claim asking for a judgment canceling the policy. It was held in that case that defendant was entitled to a review of a judgment adverse to his counter claim. No answer or counter claim was filed in the present case, but contention is made that, as no pleadings are required in an action brought under the justices' code, the defendant was entitled to prove any defense he might have without any pleading. The evidence was not preserved and there is nothing in the record to indicate that defendant asked or claimed any affirmative relief, nor is it contended that he did. It is urged, however, that, as the defense was fraud in the procurement of the note, the validity of the note for all purposes was in issue. The action nevertheless was to recover the amount due on the installments, and the only issue directly involved was whether defendant owed plaintiff that sum.

2. Defendant claims this court has jurisdiction for another reason, which is, that a judgment for either party as to the past-due installments would be *res judicata* in a subsequent action to recover other installments. The collateral effect of the judgment can not be considered in determining the amount in controversy, and the amount in controversy is not affected by the fact that other questions are incidentally involved. (3 C. J. 421, 422, and note.) The exact question has been decided by the United States supreme court in a number of cases. The fact that the judgment will be conclusive in a subsequent action can make no difference, since it is only the direct effect of the judgment that can be considered. (*Washington &c. Railroad v. Dis't of Columbia,* 146 U. S. 227.) The amount in controversy here is less than $100 and we have no jurisdiction.

The appeal will be dismissed.