MANUEL CIVIDANES ALONSO, as Receiver (Administrador Judicial) of the Sucn. Rufina Molinari, Plff.,

v.

MARCELO OBEN AND JESUS VAZQUEZ, as Field's Foreman and Foreman of the Central Machete, Dfts.,

and

LUCE & COMPANY, S. EN C., Intervener.

San Juan, Law, No. 1634.

Opinion filed December 19, 1923.

_Mr. Pedro R. Quiñones_ for plaintiff.

_Mr. Jose Tous Soto_ and _Mr. R. V. Perez Marchand_ for the intervener.

ODLIN, Judge, delivered the following opinion:

In a somewhat famous letter written by Juan Salgado to the United States Veterans Bureau, he set forth at some length that he had received about half a dozen letters in regard to his plea for increased compensation, and that these letters were contradictory where they were not vague, and that they were vague where they were not contradictory, so that Juan found himself not only in a deplorable physical condition, but that intellectually he was in a state of "nebulous confusion." This last phrase describes accurately the mind of the present writer at the close of the argument of the present proceeding, which is a motion to remand to the Insular district court at Guayama a lawsuit which had been brought to this court by the counsel for Luce & Company, interveners.

In the first place, this court was puzzled to know why a proceeding, the only relief being that of an injunction, should

appear upon the law docket of this court. But it was explained that the reason was because it was labeled a lawsuit when originally brought in the Insular court. Counsel stated that in the Insular district courts there are only two dockets, one for criminal cases and one for cases not criminal. No distinction seems to be made between actions of an ordinary nature for damages arising either out of contract or tort, and cases which in the Federal courts are regarded as purely upon the equity side of the docket. The reason of course is that for some reason, never yet made clear to me, juries are used in the Insular courts in the trial of serious criminal offenses, but juries are never used in any proceedings not criminal. Therefore, this proceeding, bearing the label of a lawsuit in the Insular court, naturally brought the same label with it when it was removed to this court. Thus, we see one cloud removed from the haze which surrounded this peculiar case.

Next we were confronted with the proposition that the removal was improper and unauthorized because made by interveners, and that there could not be such a thing as an intervention in an action at law. This point, however, was clarified by the court being reminded that in any proceeding in the Insular district court of a civil nature any third party had the right to intervene. Therefore, I am obliged to hold, and do hold, that, inasmuch as Luce & Company had the absolute right to intervene while the case was pending in the Insular district court, they became properly parties to the proceeding, and that they had the same rights after being permitted to intervene as if they had been made the original defendants.

We were then confronted with the proposition, that, inasmuch as the plaintiff, being domiciled in Porto Rico, brought

this lawsuit originally against two defendants, also domiciled in Porto Rico, the cause was not removable to the Federal court, and that Luce & Company, even though they were permitted to intervene, did not acquire thereby a right of removal which the original defendants did not possess. But it appeared upon an examination of the record that these original defendants had filed disclaimers in the Insular district court, whereby they set forth that they had no interest whatever in the controversy; that any acts done by them which formed the basis of the complaint upon the part of the plaintiff were by orders of Luce & Company, the interveners, who employed said original defendants. Thereupon, it is argued that Luce & Company were the real defendants and that Oben & Vazquez had been made defendants in the original proceedings for the deliberate purpose of destroying the right of removal to the Federal court. It is not necessary to cite authorities showing that this cannot be done, but for the purposes of this case it now becomes necessary for this court to go into the question of good faith or bad faith on the part of the plaintiff in bringing his proceeding against Oben and Vazquez only. I am obliged to hold, upon the record as presented to me, the facts of which have been in no way denied, that Luce & Company comprise a limited partnership known in the local Spanish law as a Sociedad en Comandita, that they claim to own the real estate described in this proceeding, and that all of the members of the firm are domiciled outside of the Island of Porto Rico. It was argued by counsel for the plaintiff, that, inasmuch as this limited partnership was constituted in accordance with the laws of Porto Rico, it became an entity similar to a corporation, and that such entity was a citizen of the United States domiciled in Porto Rico, and

that the domicil of the individual members of the firm was immaterial. In support of this position, there is cited a decision of the supreme court of Porto Rico in the case of People v. Zayas, Insular district judge, reported in vol. 29 of the Decisions of the Supreme Court of Porto Rico, page 423 (and following), the opinion being written by Mr. Justice Wolf, and concurred in by the other four members of the court.

The answer to this contention, however, is complete when we examine the decision of the circuit court of appeals for the first circuit, opinion by Mr. Circuit Judge Bingham, in the case of Porto Rico v. Fortuna Estates, decided March 8, 1922, reported in 279 Fed. page 500, whereby there was affirmed an opinion and a judgment of the Honorable Peter J. Hamilton, who was judge of this court before the present judge, in which he decided against the People of Porto Rico and in favor of the Fortuna Estates et al., holding that a limited partnership in Porto Rico has exactly the same status as an ordinary partnership, and where the jurisdiction of a Federal court of a suit against any partnership depends upon diversity of citizenship or domicil, the question is to be determined by the citizenship or domicil of the individual members, even though under the law of the place of its origin such partnership is regarded as an entity and may sue and be sued in its partnership name. The present judge had made the same ruling in the case of Mestre v. Russell, which was a proceeding in equity carried by appeal to the circuit court of appeals for the first circuit and affirmed in another opinion by Mr. Justice Bingham, reported in the same volume of the Fed. at page 44.

Therefore, I am obliged to disregard the decision above cited of the supreme court of Porto Rico, and follow the two decisions

of the circuit court of appeals at Boston; and I hold, that, inasmuch as the members of the limited partnership entitled Luce & Company all reside outside of the Island of Porto Rico, and inasmuch as this limited partnership under the local law were allowed to intervene in the Insular court, and inasmuch as the original defendants have disclaimed, this case stands before me exactly the same as it would if it had been originally brought by the plaintiff, domiciled in Porto Rico, against Luce & Company, sole defendant, all domiciled outside of Porto Rico.

The remaining question for decision by me is whether this cause is removable upon the ground that the amount involved in the controversy is more or less than $3,000. It is contended by the plaintiff that the amount involved is less than $3,000, and it is contended by the intervener that the amount involved is greater than $3,000.

Of course, upon this motion I must be guided by the record, and the 5th paragraph of the petition for removal reads as follows: "That the parcel of land on which are situated the buildings belonging to the Succession of Mrs. Rufina Molinari, that is, the radius to which the complaint refers, in this case, is of some eight cuerdas approximately with a value of over four thousand (4,000) dollars and by this injunction proceeding it is sought to deprive the petitioner of exercising acts of possession and dominion in and to the said parcel of land, with the aforesaid value."

It will be observed that the allegation is clear that the land described in the complaint, upon which are situated the buildings belonging to the plaintiff, has a value of over $4,000, but the paragraph goes on and says that by this proceeding it is

sought to deprive Luce & Company of exercising acts of possession and dominion in and to the said parcel of land. Of course, if the title to this land were involved, the jurisdiction of this court would be clear, and the motion to remand should be denied, but the title is not involved. The controversy is as to whether the actions of Luce & Company in placing buildings upon this land, if enjoined, would result in damage to Luce & Company of over $3,000. Why Luce & Company in their petition for removal did not state in simple words that the amount or value of the rights in controversy exceeded $3,000, I am at a loss to understand.

I am also clearly of the opinion that if they had stated in their petition for removal that the acts of possession and dominion claimed by them over the land, interference with which or deprivation of which was sought by the plaintiff, had a value of over $3,000, I should be obliged to deny this motion to remand. But Luce & Company in their petition for removal did not say this. They say the land is worth over $4,000, but they fix no price whatever and no value and no amount upon the value of the acts of possession and dominion which they seek to exercise.

Judge Rose, in his most valuable book on Federal Jurisdiction & Procedure, says in § 195 that where the suit is in equity and the relief prayed is an injunction, the amount in controversy may be the value of the right or thing which the complainant seeks to have enjoined. It is not *necessarily* the damage suffered by the complainant. He cites the case of Scott v. Donald, 165 U. S. 107, 41 L. ed. 648, 17 Sup. Ct. Rep. 262, where a majority of the Supreme Court upheld the jurisdiction of the Federal court, and the allegations of the bill in that case

plainly set forth that the value of the right of importation of certain articles, products of other states than South Carolina where the suit was brought, and products of countries other than the United States, is of a value exceeding $2,000. (The pecuniary limit in 1896, when this decision was rendered, was $2,000 instead of $3,000.) There will thus appear the difference between the allegation of the bill filed in South Carolina and the language of the petition for removal in the case now under discussion.

Judge Rose also cites the case of Colvin v. Jacksonville, reported in 158 U. S. 456, 39 L. ed. 1053, 15 Sup. Ct. Rep. 866. In this case it was claimed that there was involved the validity of a certain issue of bonds sought to be issued by the city of Jacksonville to the amount of one million dollars, but the court held that in a suit of this nature Federal jurisdiction should be determined not by the amount of the issue of the bonds, but by the amount of the interest which the complainant had in such issue; and inasmuch as the court found that Colvin could not be damaged over $2,000 by the bond issue, even though it was illegal, no relief could be granted to him by the Federal court. The ruling of the circuit court sitting in the northern district of Florida dismissing the bill was affirmed by the unanimous decision of the Supreme Court of the United States in 1890.

In conclusion, keeping in mind that there is no presumption in favor of the jurisdiction of a Federal court in cases of this character, and that the obligation rests upon the person seeking a removal to show that the right of removal has been clearly alleged, and it appearing to me that Luce & Company have failed to allege that any property rights claimed by them sought to be affected by this proceeding exceed $3,000, the only proper

ruling for me to make is to remand this case, and the motion to remand is granted, with costs against Luce & Company.

To this order counsel for Luce & Company except.

Done and Ordered in open court at San Juan, Porto Rico, this 19th day of December, 1923.