## PINE v. EAST BAY MUNICIPAL UTILITY DIST. et al.

(Circuit Court of Appeals, Ninth Circuit.
November 29, 1926.)

No. 4890.

**Courts ☜328(3)—In taxpayer's suit to enjoin creation of municipal indebtedness, federal jurisdiction is determined by amount involved, which complainant would be required to pay.**

In a suit by a taxpayer to enjoin the making of contracts and incurring of indebtedness by a municipal district, the amount involved, for the purpose of determining jurisdiction of a federal court, is not the total amount of the indebtedness to be incurred, but the loss to complainant or the amount of taxes he might be required to pay.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit in equity by S. D. Pine against the East Bay Municipal Utility District and others. From a decree dismissing the bill on the merits, complainant appeals. Reversed, with directions to dismiss for want of jurisdiction.

D. Hadsell, Joe G. Sweet, and E. A. Ingalls, all of San Francisco, Cal., for appellant.

T. P. Wittschen, of Oakland, Cal. (Markell C. Baer and Geo. W. Lupton, Jr., both of Oakland, Cal., of counsel), for appellees.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge. This was a suit by a taxpayer to restrain the East Bay

municipal utility district, a municipal utility district organized under the laws of the state of California, from entering into certain contracts and from incurring certain obligations. The jurisdiction of the court below was invoked upon the ground that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,-000, and arose under the Constitution and laws of the United States.

If the test of jurisdiction in this class of cases is the amount of the obligations incurred, or damages sustained, by the public corporation, the court below had jurisdiction, provided the matter in controversy arose under the Constitution and laws of the United States; but, if the test of jurisdiction is the loss to the individual taxpayer, or the amount of taxes he may be required to pay, the court was without jurisdiction, because it was conceded on the argument that the aggregate amount of all taxes that may be imposed upon the property of the plaintiff will be far less than the jurisdictional amount. That the latter is the true test is well settled by the authorities. Colvin v. Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053; Wheless v. St. Louis, 180 U. S. 379, 21 S. Ct. 402, 45 L. Ed. 583; Rogers v. Hennepin County, 239 U. S. 621, 36 S. Ct. 217, 60 L. Ed. 469; Scott v. Frazier, 253 U. S. 243, 40 S. Ct. 503, 24 L. Ed. 883.

The bill of complaint was dismissed by the court below, and properly so, but the dismissal was upon the merits. The decree is therefore reversed, with directions to dismiss for want of jurisdiction. Scott v. Frazier, supra.