## ELLIOTT et al. v. BOARD OF TRUSTEES OF OVALO RURAL HIGH SCHOOL DIST. NO. 19 et al.

### No. 6151.

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

Thos. E. Hayden, Jr., of Abilene, Tex., for appellants.

E. T. Brooks, of Abilene, Tex., for respondents.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a decree dismissing on motion for want of jurisdiction a bill of complaint which sought to enjoin the sale of school district bonds and the levy of taxes upon the property of the complainants for the payment of the principal and the interest thereon. The bill alleges that the appellee school board, unless enjoined, would issue and sell bonds in the amount of $30,000, which were voted at an election. It also alleges that the election was invalid for a number of reasons which it is unnecessary to state. The complainants, appellants here, are several nonresidents who separately own property in the school district which would be subject to taxation for the purpose of paying interest and providing a sinking fund for the retirement of the bonds. The taxes against all the property owned by them would exceed the jurisdictional amount of $3,000, but the taxes which each would have to pay would, of course, be less.

If there had been only one complainant, the amount in controversy would have been determined by the amount of taxes he would have to pay, and not by the amount of the bonds. Colvin v. Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053. Several taxpayers may for convenience join in a suit involving an issue in which they have a common interest. But if their interests are separate, and each is liable only for the taxes on his own property, the combined taxes which all will have to pay cannot be aggregated so as to make up the jurisdictional amount. Russell v. Stansell, 105 U. S. 303, 26 L. Ed. 989; Gibson v. Shufeldt, 122 U. S. 27, 7 S. Ct. 1066, 30 L. Ed. 1083; Ogden City v. Armstrong, 168 U. S. 224, 18 S. Ct. 98, 42 L. Ed. 444; Wheless v. St. Louis, 180 U. S. 379, 21 S. Ct. 402, 45 L. Ed. 583; Rogers v. Hennepin County, 239 U. S. 621, 36 S. Ct. 217, 60 L. Ed. 469.

Upon the authority of the just cited decisions of the Supreme Court, the decree is affirmed.