## VICKSBURG, S. & P. RY. CO. v. NATTIN. Tax Collector, et al.

### No. 6465.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1932.

E. H. Randolph, A. B. Freyer, and Allen Rendall, all of Shreveport, La., and H. D. Minor, of Memphis, Tenn., for appellant.

Robt. F. Kennon, of Minden, La., for appellees.

See also 54 F.(2d) 712.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a railroad company owning property in a regularly constituted drainage

district, brought its bill to enjoin the collection of taxes amounting to $406.80, levied and assessed by the district for the year 1930, to pay interest on and provide a sinking fund for interest bearing bonds of the district in the amount of $47,000 due twenty-five years from date, theretofore duly and regularly issued.

The bill did not attack the validity of either the district or the bond issue. It sought, by allegations that the property of the railroad was not at all benefited and that its property was in a discriminatory way assessed at a greatly higher rate than other property in the district, to bring itself within the principle of Kansas City So. R. Co. v. Road Imp. District, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151, and Thomas v. K. C. So. R. Co., 261 U. S. 481, 43 S. Ct. 440, 67 L. Ed. 758, in which assessments made by local improvement districts were held invalid.

To meet the jurisdictional requirement of amount, the bill alleged that, in order to pay the interest and retire the bonds, plaintiff would be each year assessed such an amount as that it would in the aggregate, through the twenty-five years, be compelled to pay on account of the bonds a sum in excess of $5,000. The District Judge, conceiving that the amount in controversy was only $406.80, dismissed the suit for want of jurisdiction.

The District Judge was right. That a controversy concern an amount sufficient to give the federal court jurisdiction of a cause is a real, a substantial requirement. As regards suits to enjoin the collection of taxes levied to pay bonds, it is uniformly held that the amount in controversy is not the amount of the bonds, but the amount of the taxes which the litigant is being pressed to pay. Colvin v. Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053. So precise and exacting is this requirement that, where the same tax presses equally upon a number of individuals, the amounts due by each cannot be aggregated to make up the jurisdictional amount. Ogden City v. Armstrong, 168 U. S. 233, 18 S. Ct. 98, 42 L. Ed. 444; Elliott v. Board of Trustees (C. C. A.) 53 F.(2d) 845.

Appellants, citing Risty v. Chicago, R. I. & P. R. Co., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641, a case, like the Kansas City Southern R. Co. Case, supra, of special assessments, seeks to bring its case within their rule. This, of course, will not at all do, for here is no assessment of a fixed amount as there was in the Risty Case, or in those others. Here is no case at all of assessment. This is a case of the levy of a tax for a single year, which levy begins and ends with that year, and furnishes no criterion at all as to the levy for future years. To assume, as appellant asks the court to do, that there will be an assessment each year against the property sufficient to aggregate in the twenty-five years the bonds have to run more than $3,000 is to indulge in speculation and prophecy. Many things, all problematical, may occur to make the assessment for the next year and for future years wholly different. The valuation of the property of others may be raised. The valuation of the property of plaintiff may be lowered. Both may occur. Only prophetic ken of a rare order could forecast what will ensue. Jurisdiction is based on actuality, not prophecy, the pressure of a grievance immediately felt and presently measureable in money of the jurisdictional amount. Speculative anticipation that conditions, from which present ills, not now sufficient in amount to give jurisdiction, flow, may in time aggregate the necessary amount, will not support jurisdiction.

Apart from the threatened collection of the $406.80 taxes assessed for the year 1930 the petition presents no actual pressing grievance. For the redress of this grievance the state, not the federal, court is the appropriate forum.

The judgment is affirmed.