KURN et al. v. BEASLEY, County Judge, et al.

No. 11573.

Circuit Court of Appeals, Eighth Circuit.

Feb. 15, 1940.

Rehearing Denied March 8, 1940.

Joseph R. Brown, of Fort Smith, Ark., and Harry P. Warner, of Washington, D. C., for appellants.

Harry P. Daily, of Fort Smith, Ark. (John P. Woods and J. S. Daily, both of Fort Smith, Ark., and Vol. T. Lindsey, of Bentonville, Ark., on the brief), for appellees.

Before WOODROUGH, and THOMAS, Circuit Judges, and NORDBYE, District Judge.

THOMAS, Circuit Judge.

This is an appeal from an order of the district court dismissing the appellants' complaint on the grounds that the requisite jurisdictional amount is not involved and that the complaint fails to state a cause of action.

The appellants, citizens and residents of Missouri, operate railway lines through Benton County, Arkansas. The substance of the allegations of their complaint is that in 1938 the County Judge of Benton County

made certain orders authorizing an issue and sale of county funding bonds under the guise of the authority of Amendment No. 10 of the Constitution of the State of Arkansas; that these orders are illegal and void in certain enumerated respects hereinafter referred to; and that the retirement of the bonds will require an unlawful levy of taxes against appellants' property resulting in confiscation in violation of the Fourteenth Amendment, U.S.C.A.Const. The prayer of the complaint is that the orders of the Benton County Court be declared void; that the sale of the bonds be enjoined; and that the Collector of Benton County be enjoined from collecting any assessment to retire the bonds.

The appellees moved to dismiss the complaint on the grounds stated above. Following the introduction of evidence in support of the allegations of the bill the district court sustained the motion to dismiss and entered the order from which this appeal is taken.

On the jurisdictional question of the amount in controversy the material facts are not in dispute. The order of the Benton County Court directs the issue and sale of county funding bonds in the aggregate amount of $46,750 with annual maturity dates spread over the years 1939 to 1952, inclusive. The order further provides that the bonds shall contain a covenant obligating the county to levy a tax for the year 1938 and annually thereafter in the manner provided by law in an amount sufficient to retire the bonds and interest thereon. By stipulation the parties agree that in 1938 an additional tax levy of one mill was imposed on all property in the county for the sole purpose of retiring these bonds. In that year the total assessed valuation of property in the county amounted to approximately $8,141,000 of which the respective properties of the appellants accounted for 5.83 and 7.11 per centum of the total. The one mill levy resulted in a tax of $474 on the property of the Kansas City Southern Railway and $578 on the property of the St. Louis-San Francisco Railway. The appellees contend that these sums are the only amounts in controversy.

The only oral testimony is that of the tax agent for the San Francisco Railway. Basing his statements on a prepared computation which was introduced in evidence he calculated that if the appellants' properties continue to bear the 1938 per centum of the tax burden of the county over the fourteen year period of the life of the bonds the respective appellants will be required to contribute in taxes aggregate amounts of $4,462.78 and $3,659.35 toward the retirement of the bonds, interest and other expenses incident to their issue. The witness admitted that his calculation is a surmise and a guess based on the assumption that the assessed valuation of the railway properties in Benton County will remain relatively constant in proportion to the total assessed valuation of all property in the county. He conceded that this assumption may not be a fact and that it is impossible to make an exact estimate for the future. Nevertheless the appellants contend that these aggregate sums are the amounts in controversy.

Under the laws of Arkansas a new assessment of urban and rural property must be made in alternate years for purposes of the annual tax levy fixed by the Levying Court of each county. Pope's Digest of The Statutes of Arkansas, §§ 2040–2048, 13615, 13616, 13682; Act 210, Arkansas Session Laws 1925, page 608. Obviously, it is a matter of pure speculation whether the total tax burden imposed on the appellants over the fourteen year period of the life of the bonds will necessarily exceed the jurisdictional limitation placed on the district court by Judicial Code Section 24(1), 28 U.S.C.A. § 41(1). Many decisions hold that a conjectural burden of future undetermined taxes may not be used to spell out the amount in controversy essential to federal jurisdiction. Vicksburg, S. & P. Ry. Co. v. Nattin, 5 Cir., 58 F.2d 979; Washington & G. Railroad Co. v. District of Columbia, 146 U.S. 227, 13 S.Ct. 64, 36 L.Ed. 951; Risty v. Chicago, R. I. & P. Ry. Co., 8 Cir., 297 F. 710; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551; Citizens' Bank v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374; and see Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249.

The appellants distinguish the line of cases cited above on the ground that those decisions involved suits to enjoin a specific annual tax. They rely on decisions holding that where the object of the suit is to enjoin an issue of allegedly void bonds the total future burden of taxation upon the property of the objecting taxpayer may be considered in determining the value of the

matter in controversy. City of Helena v. Helena Waterworks Co., 9 Cir., 173 F. 18; City of Ottumwa v. City Water Supply Co., 8 Cir., 119 F. 315, 59 L.R.A. 604; compare Colvin v. Jacksonville, 158 U.S. 456, 15 S.Ct. 866, 39 L.Ed. 1053; Elliott v. Board of Trustees, 5 Cir., 53 F.2d 845; Pine v. East Bay Municipal Utility Dist., 9 Cir., 16 F.2d 274. The decision in Risty v. Chicago, R. I. & P. Ry. Co., supra, upon which the appellants also rely is not in point; undetermined future taxes were not involved in that case.

It is perhaps unnecessary in the instant case to resolve the conflict in theory, if any exists, in these authorities. The jurisdictional allegation of the amount in controversy in the appellants' bill was appropriately challenged and the burden was on the appellants to establish it by competent proof. KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. At the least it is essential that that proof establish with reasonable certainty that the value of the matter in controversy is sufficient to confer jurisdiction on the district court. The decision of the trial court is tantamount to a finding that the testimony fails to support such burden. That finding is not clearly erroneous, and it can not be set aside by this court. Rule 52(a) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Regardless of the jurisdictional question, however, the order of the district court must be affirmed on the ground that the complaint fails to state a cause of action.

Amendment No. 10 of the Constitution of the State of Arkansas authorizes counties of the state to issue funding bonds for the payment of debts incurred prior to December 7, 1924. Pope's Digest Of The Statutes Of Arkansas, page 183; Act 210, Arkansas Session Laws 1925, page 608; Matheny v. Independence County, 169 Ark. 925, 277 S.W. 22. Act 210, supra, an enabling act passed by the Arkansas legislature to facilitate the issuance of bonds under Amendment No. 10, provides that before such bonds are issued the county court shall enter an order declaring the total amount of the indebtedness of the county outstanding on December 7, 1924. The Act further provides that the order of the county court shall be published for one insertion in some newspaper published in the county; that any property owner may, by suit in the chancery court of the county, have a review of the correctness of the finding made in the order; and "if no such suit is brought within thirty days [after publication of the order], such finding shall be conclusive of the total amount of such indebtedness, and not open to further attack * * *."

The order of which appellants complain and which was entered as a condition precedent to the bond issue now sought to be enjoined recites that the County Court of Benton County, after a thorough investigation of the indebtedness of the county existing on December 7, 1924, "finds that said indebtedness of said county on that day amounted to the sum of Forty Thousand Forty Dollars and 24/100 Dollars ($40,040.24), all of which is still outstanding." This order was entered on September 21st and was published on September 22, 1938.

The appellants concede that no attack was made on the order by action commenced in the County Chancery Court within the time limited by Act 210. They now seek to avoid the appellees' argument that the order is conclusive and not subject to question in this court by the assertion that the order must be held void and therefore open to collateral attack.

The substance of the appellants' contention is that in 1927 the County Court of Benton County entered an unpublished order approving a contract for the construction of a court house. In that order the court stated that in determining whether the contract should be approved it had investigated the fiscal affairs of Benton County. It then stated that "The County Now Is Out Of Debt" and will have an annual margin to meet the payments on the court house. Although the 1927 order was not made under the authority of Amendment No. 10 and the enabling act thereto, the appellants allege that it is binding and exhausts the jurisdiction of the Benton County Court thereafter to make an order in 1938 finding that county debts incurred prior to December 7, 1924, were still outstanding for which funding bonds might be issued. If the county court was without jurisdiction to make the order of September 21, 1938, the order and the bonds issued thereunder are void. See Stahl v. Sibeck, 183 Ark. 1143, 40 S.W.2d 442; Sovereign Camp, W. O. W. v. Gillespie, 8 Cir., 87 F.2d 944.

The appellants' contention is, however, without merit. The identical argument now urged by the appellants ·has been rejected by the Arkansas Supreme Court and we are of course bound by its decisions. Beasley v. Combs, 197 Ark. 703, 125 S.W.2d 806; Dowell v. Slaughter, 185 Ark. 918, 50 S.W.2d 572.

The order of the district court must be and it is affirmed.

ALLEN, Circuit Judge, dissenting.